IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREEM J. STANSBURY, | ) | |
|     Petitioner, | ) | Civil Action No. 12-200 |
| | ) | |
| v. | ) | District Judge Maurice B. Cohill |
| | ) | Magistrate Judge Susan Paradise Baxter |
| WARDEN MEEKS, | ) | |
|     Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Petitioner, Kareem J. Stansbury, is a federal prisoner. On or around August 24, 2012, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges a disciplinary action taken against him on May 9, 2012, in which he lost 98 days of good conduct time. As relief, he seeks an order from this Court directing that his good conduct time be restored and that he be released immediately. Also pending before the Court is his motion for a temporary restraining order and preliminary injunction [ECF No. 2], in which he contends that he is entitled to immediate relief. The petition has not been served yet but this Court must summarily dismiss it without prejudice because he has not exhausted his administrative remedies. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases (applicable to § 2241 cases through Rule 1(b)). For that same reason, the pending motion for injunctive relief must be denied.

**II.    REPORT**

A federal prisoner seeking habeas relief under 28 U.S.C. § 2241 first must exhaust administrative remedies before bringing his claim to federal court. Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012) (citing Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996)); Callwood v.

1

Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("Although there is no statutory exhaustion requirement attached to § 2241, [the U.S. Court of Appeals for the Third Circuit has] consistently applied an exhaustion requirement to claims brought under § 2241."). The exhaustion requirement is mandated to ensure (1) development of a factual record, (2) to allow the agency to grant the appropriate relief, and (3) to promote internal resolution of agency error. Moscato, 98 F.3d at 761-62. This process ensures the proper allocation of judicial resources while promoting administrative autonomy. Id.

The administrative remedy procedure for federal prisoners bringing a 28 U.S.C. § 2241 petition are set forth at 28 C.F.R. §§ 542.10-19. The Bureau of Prisons' (the "BOP's) administrative remedy procedure provides formal review of any complaint which relates to any aspect of the inmate's confinement. Under this process, inmates must first attempt informal resolution of their complaints under procedures set forth by the Warden at the institution where the origin of the complaint occurred. 28 C.F.R. § 542.13. If informal resolution is insufficient to resolve the matter, the inmate may file a formal complaint with the Warden within twenty days of the date on which the basis of the complaint occurred. 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response, he may appeal the response to the Regional Director. 28 C.F.R. § 542.15. If the inmate is dissatisfied with the Regional Director's response, he may file a Central Office Appeal with the Office of General Counsel in Washington, D.C. 28 C.F.R. § 542.15. Appeal to the Office of General Counsel is the final administrative appeal in the BOP. 28 C.F.R. § 542.15.

Stansbury admits in his petition that he has not yet exhausted his administrative remedies. He explains that he filed an appeal to the Central Office on or around August 2, 2012, and that that office's response is due on or before October 1, 2012. [ECF No. 1 at 3]. Because the petition establishes that Stansbury has not completed his administrative remedies, the Court must summarily dismiss it without prejudice to his right to file another habeas action when he completes the administrative appeal process.

2

In addition, since Stansbury has not demonstrated that he is entitled to habeas relief at the present time, his motion for a temporary restraining order and preliminary injunction [ECF No. 2] must be denied.[1]

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be summarily dismissed without prejudice.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Robertson is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to do so will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated:  August 28, 2012             /s/ Susan Paradise Baxter
                                    SUSAN PARADISE BAXTER
                                    United States Magistrate Judge

cc:     The Honorable Maurice B. Cohill
        United States District Judge

---

[1]     Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances."  To secure the extraordinary relief of a preliminary injunction or temporary restraining order, Stansbury must demonstrate several factors, including:  that he is likely to succeed on the merits; denial will result in irreparable harm; and, granting the injunction is in the public interest.  See, e.g., Novartis Consumer Health v. Johnson & Johnson-Merck Consumer Pharms. Co., 290 F.3d 578, 586 (3d Cir. 2002).