IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Kareem J. Stansbury, )
)
Petitioner, )
)
vs. )   Civil Action No. 12-200 Erie
)
WARDEN MEEKS, et al., )
)
Respondents. )

## MEMORANDUM ORDER

Federal prisoner Kareem J. Stansbury's petition for a writ of habeas corpus, which he filed pursuant to 28 U.S.C. § 2241, was received by the Clerk of Court on August 24, 2012. [ECF #1, 9]. He is serving an aggregate term of 102 months' imprisonment, which was imposed by the U.S. District Court for the Eastern District of Pennsylvania in February of 2006. On May 9, 2012, the Center Discipline Committee ("CDC") at Kintock determined that he had committed the prohibited acts of Disposing of Any Item During a Search and Assault, in violations of Codes 115 and 224, respectively. According to Stansbury, as a sanction he lost 98 days of good conduct time.[1]

In the petition, Stansbury challenges the disciplinary action taken against him. As relief, he seeks an order from this Court directing that all of his good conduct time be restored and that he be released. He also has filed a motion for a temporary restraining

---

[1] The paperwork Stansbury filed with this Court actually indicates that the CDC sanctioned him by disallowing 37 days of good conduct time and forfeiting 46 days of non-vested good conduct time. [ECF #6-1 at 3].

order and preliminary injunction [ECF #2], in which he contends that he is entitled to immediate relief.

Stansbury admits in his petition that he is still exhausting his administrative remedies. His appeal to the Bureau of Prisons' (the "BOP's") General Counsel's Office, which he filed on August 2, 2012, has not been ruled upon.[2] Its response to his appeal is due no later than October 1, 2012. [ECF #6-1 at 6].

The magistrate judge's Report and Recommendation ("R&R) [ECF #5], filed on August 28, 2012, recommended that the petition be summarily dismissed because Stansbury must first complete his administrative remedies before he can seek habeas relief in federal court. She also recommended that his accompanying motion for injunctive relief be denied for that same reason.

Stansbury has filed Objections to the R&R [ECF #7], in which he contends that he should be excused from the exhaustion requirement on "futility" grounds. He also argues that he will suffer irreparable injury if the Court does not grant him immediate relief because, if he had not received the CDC's sanctions, he would have been released from BOP custody on September 1, 2012.

Where, as here, objections have been filed, the Court is required to make a de novo determination as to those portions of the R&R to which objections were made. 28 U.S.C. § 636(b)(1). Accordingly, the Court has carefully examined de novo all claims

---

[2] The administrative remedy procedure for federal prisoners bringing a 28 U.S.C. § 2241 petition are set forth at 28 C.F.R. §§ 542.10-19. An appeal to the BOP's General Counsel's Office is the third and final step in the administrative appeal process. 28 C.F.R. § 542.15.

raised by Stansbury in his Objections. For the reasons set forth below, his Objections are overruled.

I.

As the magistrate judge noted, a federal prisoner who is seeking habeas relief under 28 U.S.C. § 2241 must first exhaust administrative remedies before filing his petition in federal court. See, e.g., Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012) (citing Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996)). The exhaustion requirement is mandated because it promotes the important goals of: (1) providing the BOP with the opportunity to correct its own errors before the federal court becomes involved, thus fostering administrative autonomy; (2) permitting the BOP to grant the relief requested if such relief is warranted, which conserves judicial resources; and, (3) allowing the BOP the opportunity to develop a factual record and apply its expertise, which facilitates judicial review in the event such review is required. See, e.g., Moscato, 98 F.3d at 761-62.

A habeas court may excuse a federal prisoner's failure to pursue his administrative remedies in the limited circumstance when it is shown that his efforts to exhaust would be "futile" and the goals of the exhaustion doctrine would not be promoted. See, e.g., Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005). However, this is not the type of case where waiver of the requirement is available.

Stansbury relies upon Woodall to support his argument that he should be excused from the exhaustion requirement on "futility" grounds. The Woodall decision is not comparable to Petitioner's case. There, the habeas petitioner challenged the

validity of BOP regulations that limited an inmate's placement in a halfway house to the lesser of ten percent of the inmate's total sentence or six months (28 C.F.R. §§ 570.20-21 (2005)). He had not exhausted his administrative remedies. He contended that he was not required to do so because exhaustion would be futile. The district court agreed, stating: "[E]xhaustion of administrative remedies is not required where exhaustion would not promote" the goals of the doctrine. Woodall v. Federal Bureau of Prisons, No. 05-1542, 2005 WL 1705777 * 6 (D.N.J. July 20, 2005) (citing Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) and Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988)). It concluded:

> Here, it does not appear that there is any need to develop a factual record. Nor does this matter require application of the agency's particular expertise. Woodall does not challenge the application of the BOP's ten-percent rule to him, but challenges whether the ten-percent rule legally implements the statute pursuant to which it was promulgated. This is a question within the expertise of courts [under Chevron]. Accordingly, the purposes of the exhaustion requirement would not be served by requiring Woodall to exhaust his administrative remedies.

Id.

The U.S. Court of Appeals for the Third Circuit subsequently affirmed the district court's resolution of the issue. Woodall, 432 F.3d at 239 n.2. It held that because "the purposes of exhaustion would not be served here by requiring Woodall to exhaust his administrative remedies[,]" he was excused from the requirement. Id.

Unlike the petitioner in Woodall, Stansbury is not challenging the legality of BOP regulations. Thus, this case does not present the type of legal issue that is within the expertise of a federal court but not the BOP's. Vasquez, 684 F.3d at 433-34 ("We have held that a prisoner need not exhaust administrative remedies where the issue

4

presented involves only statutory construction, but Vasquez asked the District Court to direct the BOP to provide him with the maximum 12-month [halfway house] placement.... Exhaustion was required in his case, and Vasquez's habeas corpus petition properly was dismissed for failing to exhaust administrative remedies.") (internal citation omitted). And, in contrast to Woodall, where exhaustion was futile because the court could confidently predict that the petitioner would not receive relief through the administrative process since the BOP was not going to deviate from its regulations, this Court cannot know how the General Counsel's Office will rule on Stansbury's appeal. There is the possibility that it may grant him the relief he seeks. It can also grant him that relief upon grounds that this Court cannot. Whereas this Court may rule in his favor only if he establishes that he "is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), the General Counsel's Office is not so restricted and may rule in his favor on less stringent grounds. See BOP Program Statement 5270.09, § 541.8(i).[3]

Stansbury also contends that he will be irreparably harmed if the Court does not waive the exhaustion requirement and grant him injunctive relief. The Court rejects this argument. Importantly, the BOP is not currently holding him beyond the term of imprisonment imposed by the U.S. District Court for the Eastern District of Pennsylvania. According to the BOP's public records, of which this Court shall take judicial notice, Stansbury's full term does not expire until August 8, 2013. September 1,

---

[3] The General Counsel's Office evaluates whether the CDC's decision "substantially complied with regulations on inmate discipline," was "based ... on facts" and the "the greater weight of the evidence," and whether the sanction imposed or the severity level of the prohibited act was appropriate. BOP Program Statement 5270.09, § 541.8(i).

2012, was just the date the BOP projected he would be released *if he earned all of the good conduct time available to him and did not lose any.* After Stansbury received his CDC sanctions, his projected release date was recalculated and is currently set at November 16, 2012. The Court will not conclude that he is being irreparably harmed because he must continue to serve his judicially imposed sentence while the General Counsel's Office reviews his appeal.[4]

One of the consequences of Stansbury being found to have committed serious infractions near his original projected release date of September 1, 2012 is that the BOP's administrative appeal process, while moving at a normal pace, did not finish before that date passed. That this has occurred, however, does not justify this Court disregarding the important exhaustion requirement. See Amirnazmi v. Scism, 2011 WL 5854579, *6 (M.D. Pa.) ("Petitioner's argument that exhaustion would be futile or cause irreparable injury also fails. Courts in this District have repeatedly held that 'exhaustion

---

[4] Stansbury cites Carling v. Peters, 2000 WL 1022959 (E.D. Pa.), to support his contention that he will be irreparably harmed if the Court does not waive the exhaustion requirement. In that case, the petitioner had signed a contract in which he agreed to participate in the Air Force component of the Armed Forces Health Professions Scholarship and Financial Assistance Program. He filed a § 2241 petition in which he sought rescission of the contract. Id. at *1 (a district court may determine the initial validity of an enlistment contract under § 2241). The Air Force contended that the petition had to be dismissed because the petitioner had not exhausted his administrative remedies. Id. at *2. The district court was not persuaded and accepted the petitioner's argument that his case fell within the "irreparable injury" exception to the exhaustion requirement. The court so held because if the petitioner pursued administrative review, he would not be able to obtain relief before the date he had to report for active duty, at which time he would either be forced to report or be considered AWOL. Id. Obviously, the circumstances presented by Carling are not similar to that presented in this case, where a federal inmate continues to serve his judicially imposed sentence while the BOP conducts its administrative review. Therefore, Carling does not support Stansbury's contention that he faces irreparable injury if the Court does not immediately review his claims.

6

of administrative remedies is not rendered futile simply because a prisoner anticipates that he will be unsuccessful in his administrative appeals before [the date he believes he should be released to a halfway house]'.") (citations omitted); Ross v. Martinez, 2009 WL 4573686, *3 (M.D. Pa.) (same).

Finally, there is no reason to believe that this Court could decide this case faster than the General Counsel's Office will decide Stansbury's appeal. It has until October 1, 2012, to issue its response to him, but it may do so sooner. In any event, this Court must give the BOP the full opportunity to administratively resolve his complaints regarding the CDC's decision. Although Stansbury apparently believes that he has a better chance to receive relief here than he does there, that is not a valid reason to waive the exhaustion requirement. Little v. Bledsoe, 2012 WL 1106749, *2 (M.D. Pa. Apr. 12, 2012) ("an inmate's anticipation that administrative remedy will be unsuccessful does not sidestep the exhaustion requirement.").

Based upon all of the forgoing, Stansbury has failed to establish that it is "futile" to require him to complete the administrative process. The Court further finds that waiving the exhaustion requirement in this case would not promote the goals of the exhaustion doctrine, since allowing the General Counsel's Office to complete its review provides it with the opportunity to grant Stansbury the relief he seeks if it determines that that result is warranted. Requiring Stansbury to exhaust may conserve judicial resources and it also fosters administrative autonomy and appropriately provides the BOP with the opportunity to correct its own errors before the federal court becomes involved.

II.

Accordingly, after de novo review of the pleadings and documents in the case, together with the Report and Recommendation of Magistrate Judge Baxter [ECF#5] and Petitioner's Objections to the Report and Recommendation of Magistrate Judge Baxter [ECF#7], the following Order is entered:

AND NOW, this 12th day of September, 2012, it is HEREBY ORDERED, ADJUDGED AND DECREED that the Report and Recommendation of Magistrate Judge Baxter [ECF #5], dated August 28, 2012, is adopted as the Opinion of the Court, as supplemented herein.

It is further ORDERED ADJUDGED AND DECREED that the Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF#1] is DISMISSED without prejudice and the Petitioner's temporary restraining order and preliminary injunction [ECF #2] is DENIED.

The Clerk of Court shall mark this case CLOSED.

Maurice B. Cohill, Jr.
Senior District Court Judge

cc:   KAREEM J. STANSBURY
      59668-066
      MCKEAN
      FEDERAL CORRECTIONAL INSTITUTION
      Inmate Mail/Parcels
      P.O. BOX 8000
      BRADFORD, PA 16701